UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Rita Scarlet, Charlotte Sims, and Jay B. Ross, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 1:17-cv-9008 |
| | ) | |
| Vickie Winans, Destiny Joy Records, LLC, | ) | |
| United Music Publishing Group, | ) | |
| the Estate of Reverend W. Herbert Brewster | ) | |
| and its heirs, Royalty Recovery, Inc., | ) | JURY DEMAND |
| and Malaco Records, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

NOW COME Plaintiffs, Rita Scarlet, Charlotte Sims, and Jay B. Ross (hereinafter "Plaintiffs" ), by and through their attorneys, Blaise & Nitschke, P.C., and bring this action against Defendants, Vickie Winans, Destiny Joy Records, LLC, United Music Publishing Group, the Estate of Reverend W Herbert Brewster c/o Royalty Recovery, Inc. and its heirs, and Malaco Records (hereinafter "Defendants"), in connection with Defendants' recording and release of the musical composition containing the unauthorized usage of Clara Ward's "How I Got Over." In support, Plaintiffs allege as follows:

### PARTIES

1. Clara Ward was an American gospel artist who composed and published the musical composition, "How I Got Over," in 1951. Ms. Ward achieved great artistic and commercial success in the 1940s and 1950s as the leader of The Famous Ward Singers.

2. Plaintiff, Rita Scarlet (hereinafter "SCARLET"), is an heir of Clara Ward and at all times mentioned in this Complaint, is an individual residing in Philadelphia, Pennsylvania.

1

3. Plaintiff, Charlotte Sims (hereinafter "SIMS"), is an heir of Clara Ward and at all times mentioned in this complaint, is an individual residing in Los Angeles, California.

4. Plaintiff, Jay B. Ross (hereinafter "ROSS"), is an individual, and at all times mentioned in this complaint, is an attorney residing in Chicago, Illinois.

5. Defendant, Vickie Winans (hereinafter "Winans"), is a gospel recording artist, and at all times mentioned in this complaint, is an individual residing in Detroit, Michigan.

6. Defendant, Destiny Joy Records, LLC, is a record label, and at all times mentioned in this complaint, is a corporation organized and existing under the laws of Michigan with its principal place of business in Bloomfield, Michigan.

7. Defendant, United Music Publishing Group, is a publishing company, and at all times mentioned in this complaint, on information and belief is a corporation organized and existing under the laws of California with its principal place of business in Santa Monica, California.

8. Defendant, the Estate of Reverend W. Herbert Brewster and its heirs, are represented by Royalty Recovery, Inc., owned by Jeff Gandel.

9. Defendant, Royalty Recovery, Inc., at all times mentioned in this complaint, is a corporation organized and existing under the laws of New York with its principal place of business in New York.

10. Defendant, Malaco Records, is a record label, and at all times mentioned in this complaint, is a corporation organized and existing under the laws of Mississippi with its principal place of business in Jackson, Mississippi.

## JURISDICTION AND VENUE

11. This action is brought under the federal Copyright Act of 1976, as amended, 17 U.S.C.A. §§ 101 *et seq.* This court has jurisdiction pursuant to Sections 1338(a) and 1338(b) of the Judicial Code (28 U.S.C.A. §§ 1338(a), 1338(b)). This Court has supplemental subject-matter jurisdiction over the pendent state law claims under 28 U.S.C. § 1367.

12. Venue is proper under Section 1391(b) as the injury of the infringement of unlawful trade practices are alleged to have been committed in this District and Defendants regularly conduct business in the District by disseminating copyrighted materials and marketing to citizens of this District; and Plaintiffs reside in this District.

## FACTS COMMON TO ALL COUNTS

13. On or about April 26, 1951, Clara Ward published the musical composition known as "How I Got Over" (hereinafter referred to as the "Work"). A copy of the Application for Registration of a Claim to Copyright in a Musical Composition is attached hereto and incorporated herein as Exhibit A.

14. On or about May 5, 1954, the Copyright Claimants, 1998 Collectables and Andrea Music Co. properly registered and deposited the fixed version of "How I Got Over" with the United States Copyright Office. *See* Exhibit A.

15. On or about April 23, 1979, Gertrude Ward, the Executrix of the author, Clara Ward, renewed the Work with the United States Copyright Office. *See* Renewal Registration dated April 23, 1979, attached hereto and incorporated herein as Exhibit B. The renewable matter is the Musical Composition and the authorship renewed is the words and music by Clara Word. *See* Exhibit B.

16. Currently and at all times mentioned in this Complaint, the subject copyright is owned by the heirs of Willa Ward, Rita Scarlet and Charlotte Sims. Jay B. Ross is an assignee of the copyright and the assignors are Gertrude and Clara Ward. *See* Assignments of Copyright, attached hereto and incorporated herein as Exhibit C.

17. Immediately after creation of said Work, the musical composition was created in a tangible medium of expression on or about 1951 in the form of a phonorecord, containing a sound recording of the musical composition and recorded by recording artist Clara Ward. The music production of the sound recording was the original effort of Clara Ward and represented the use of her skill, judgment and labor. The fixed copy of the composition was made and deposited with the Registrar of Copyrights before such composition was publicly performed or otherwise published. Plaintiffs have complied with all requirements of the federal copyright laws with respect to fixation and publication.

18. Reverend William Herbert Brewster falsely claimed to be the composer of "How I Got Over."

19. On or about August 25, 2009, Defendant Vickie Winans unlawfully reproduced, distributed, manufactured, published and began selling a phonorecord in the form of compact discs and digital downloads of an album also entitled "How I Got Over," which was Winan's version of the Work that included elements of the original composition by Clara Ward.

20. On or about August 25, 2009, Defendant Destiny Joy Records unlawfully reproduced, distributed, manufactured, published and began selling a phonorecord in the form of compact discs and digital downloads of an album entitled "How I Got Over" by Vickie Winans.

21. On or about August 25, 2009, Defendant United Music Publishing unlawfully published and distributed the composition "How I Got Over," and started collecting publishing monies.

22. On or about 1961, Defendant Malaco Records unlawfully reproduced, distributed, manufactured, published and began selling a phonorecord in the form of compact discs, vinyl records, and/or digital downloads of an album entitled "How I Got Over" recorded by Mahalia Jackson, and falsely claimed that it was written by Reverend William Herbert Brewster. *See* MALACO letter dated August 15, 2016, attached hereto and incorporated herein as Exhibit D.

23. Plaintiffs are the current owners of the entire right, title and interest in the musical composition and sound recording of "How I Got Over," and in the registrations of the copyright to the musical composition and sound recording.

24. Defendants do not have any license, authorization, permission or consent to use the Work.

## COUNT I
## COPYRIGHT INFRINGEMENT

25. Plaintiffs re-allege and incorporate by reference Paragraphs 1 through 24 of this Complaint, as if fully alleged herein.

26. Defendants knowingly infringed Plaintiffs' copyrights by manufacturing, publishing and selling the musical composition embodying the Work, and publishing and placing on the market the phonorecord in the form of compact discs, vinyl records, and/or digital downloads entitled "How I Got Over," which contain the Plaintiffs' copyright in the musical composition embodied in the sound recording "How I Got Over."

5

27. Through their conduct averred herein, Defendants have infringed Plaintiffs' copyrights in the Work in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

28. Defendants' acts of infringement are willful, intentional, and purposeful, in disregard of and with indifferent to Plaintiffs' rights.

29. As a direct and proximate result of said infringement by Defendants, Plaintiffs are entitled to damages in an amount to be proven at trial.

30. Plaintiffs are also entitled to Defendants' profits attributable to the infringement, pursuant to 17 U.S.C. §504(b), including an accounting of and a constructive trust with respect to such profits.

31. Plaintiffs further are entitled to their attorneys' fees and full costs pursuant to 17 U.S.C. §505 and otherwise according to law.

32. As a direct and proximate result of the foregoing acts and conduct, Plaintiffs have sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law. Plaintiffs are informed and believe and on that basis aver that unless enjoined and restrained by this Court, Defendants will continue to infringe Plaintiffs' rights in the Work. Plaintiffs are entitled to preliminary and permanent injunctive relief to restrain and enjoin Defendants' continuing infringing conduct.

WHEREFORE, Plaintiffs pray for judgment against Defendants, as follows:

a. For actual, statutory and/or enhanced statutory damages for intentional infringement in such amount as may be found, or as otherwise permitted by law;

b. For an accounting of, and the imposition of constructive trust with respect to, Defendants' profits attributable to their infringement of Plaintiffs' copyright in the Work;

c. For a preliminary and permanent injunction prohibiting Defendants and their respective agents, servants, employees, officers, successors, licensees and assigns, and all persons acting in concert or participation with reach or any of them, from continuing to infringe Plaintiffs' copyright in the Work;

d. For prejudgment interest according to law;

e. For Plaintiffs' attorneys' fees, costs, and disbursements in this action;

f. For declaratory relief as to the ownership of the musical composition "How I Got Over", including but not limited to ownership of Vicky Winans' infringing version of the composition;

g. Injunctive relief; and

h. For such and further relief as the Court may deem just and proper.

## COUNT II
## UNFAIR COMPETITION

33. Plaintiffs re-allege and incorporate by reference Paragraphs 1 through 32 of this Complaint, as if fully alleged herein.

34. Defendants, by their unauthorized appropriation and use of Plaintiffs' Work, have engaged, and are continuing to engage, in acts of wrongful deception of the purchasing public, wrongful designation as to the source and sponsorship of goods, wrongful deprivation of Plaintiffs' good name and reputation, and the wrongful deprivation of Plaintiffs' right to public recognition and credit as producer and owner of the Work.

7

35. Plaintiffs' action concerning Defendants' unfair competition is related to Plaintiffs' "substantial" copyright infringement action, since both actions are based on the same operative facts.

36. Defendants have been performing, recording, publishing, selling and marketing the musical composition of "'How I Got Over," resulting in consumer confusion as to the source of the composition. Such conduct constitutes an unfair trade practice and unfair competition under the Lanham Act and Illinois Uniform Deceptive Trade Practices Act (UDTPA), 815 ILCS 510/1. These acts of unfair competition and unfair trade practices against Plaintiffs caused Plaintiffs damages in that they have been denied credit as the owner of the Work and have been denied royalties resulting from the public performance and distribution of the Work.

WHEREFORE, Plaintiffs request judgment against the Defendants for:

a. An accounting for, and payment to the Plaintiffs as actual damages, all the following sums:

　　1. All gains, profits and advantages derived by Defendants as a result of their unfair trade practices and unfair competition; and

　　2. All gains, profits and advantages derived by Defendants as a result of their infringement of Plaintiffs' copyright;

b. *In the alternative*, Statutory Damages for intentional infringement in the sum of $150,000.00 per Defendant, or such damages as the court shall deem proper and within the provisions of the copyright statutes, but not less than the sum of $750.00 per Defendant;

c. The delivery by Defendants, their agents, employees and all holding with, through, or under them, or anyone acting on their behalf, for destruction following

8

        a final decision in this action, of all infringing copies or devices, as well as all plates, molds, matrices, magnetic tapes and other means for making infringing copies or devices;

d.    Additional damages for an amount determined at trial for unfair and deceptive trade practices;

e.    Reasonable attorney fees;

f.    The costs of this action including, but not limited to, expert fees;

h.    Declaratory judgment finding that and

g.    Such other and further relief as the court deems proper.

## COUNT III
## ACCOUNTING

37.    Plaintiffs re-allege and incorporate by reference Paragraphs 1 through 36 of this Complaint, as if fully alleged herein.

38.    Defendants unlawfully reproduced, distributed, manufactured, published and began selling a phonorecord in the form of compact discs of an album entitled "How I Got Over."

39.    As a result of Defendants' unlawful reproduction, distribution, manufacturing, and publication of "How I Got Over," Plaintiffs were deprived of all gains, profits and advantages derived by Defendants as a result of their unfair trade practices, unfair competition and their infringement of Plaintiffs' copyright.

40.    Plaintiffs lacks an adequate remedy at law since it is unclear how much in gains, profits and advantages Defendants received from their unfair trade practices, unfair competition, and infringement of Plaintiffs' copyright.

WHEREFORE, Plaintiffs request an accounting against the Defendants for all gains, profits and advantages derived by Defendants from their unfair trade practices, unfair competition, and infringement of Plaintiffs' copyright.

## COUNT IV
## CONSTRUCTIVE TRUST

41. Plaintiffs re-allege and incorporate by reference Paragraphs 1 through 40 of this Complaint, as if fully alleged herein.

42. At all relevant times, Defendants were aware that Plaintiffs owned the subject copyright.

43. At all relevant times, Defendants unlawfully reproduced, distributed, manufactured, and published "How I Got Over."

44. That Defendants failed to account for all gains, profits and advantages derived by Defendants from their unfair trade practices, unfair competition, and infringement of Plaintiffs' copyright.

45. That Defendants have wrongfully kept Plaintiffs' profits attributable to their infringement of Plaintiffs' copyright in the Work and Defendants' unfair competition and unfair trade practices.

46. Permitting the Defendants to retain the gains, profits and advantages derived by Defendants from their unfair trade practices, unfair competition, and infringement of Plaintiffs' copyright would unjustly enrich the Defendants.

47. Equity will raise a constructive trust for the benefit of Plaintiffs to the extent that the Defendants were unjustly enriched as a result of their unlawful reproduction, distribution, manufacturing, and publication of "How I Got Over."

WHEREFORE, Plaintiffs request judgment against the Defendants for damages,

including but not limited to the following:

    a.    Actual damages for the sum of all gains, profits and advantages derived by Defendants as a result of their unfair trade practices, unfair competition, and copyright infringement;

    b.    *In the alternative*, Statutory Damages for intentional infringement in the sum of $150,000.00 per Defendant, or such damages as the court shall deem proper and within the provisions of the copyright statutes, but not less than the sum of $750.00 per Defendant;

    c.    Additional damages for an amount determined at trial for unfair and deceptive trade practices and copyright infringement;

    d.    Reasonable attorney fees;

    e.    The costs of this action including, but not limited to, expert fees; and

    f.    Such other and further relief as the court deems proper.

## COUNT V
## UNJUST ENRICHMENT

48.    Plaintiffs re-allege and incorporate by reference Paragraphs 1 through 47 of this Complaint, as if fully alleged herein.

49.    At all relevant times, Defendants were aware that Plaintiffs owned the subject copyright.

50.    At all relevant times, Defendants unlawfully reproduced, distributed, manufactured, and published "How I Got Over."

51.    The Defendants have received a benefit from their unfair trade practices, unfair competition, and infringement of Plaintiffs' copyright.

52.    The Defendants will be unjustly enriched at the expense of Plaintiffs if they are

allowed to retain the sum of all gains, profits and advantages derived from their unfair trade practices, unfair competition, and infringement of Plaintiffs' copyright.

WHEREFORE, Plaintiffs request judgment against the Defendants for damages, including but not limited to the following:

    a.    Actual damages for the sum of all gains, profits and advantages derived by Defendants as a result of their unfair trade practices, unfair competition, and copyright infringement;

    b.    *In the alternative*, Statutory Damages for intentional infringement in the sum of $150,000.00 per Defendant, or such damages as the court shall deem proper and within the provisions of the copyright statutes, but not less than the sum of $750.00 per Defendant;

    c.    Additional damages for an amount determined at trial for unfair and deceptive trade practices and copyright infringement;

    d.    Reasonable attorney fees;

    e.    The costs of this action including, but not limited to, expert fees; and

    f.    Such other and further relief as the court deems proper.

## COUNT VI
## EQUITABLE ESTOPPEL OR FRAUDULENT CONCEALMENT

53.    Plaintiffs re-allege and incorporate by reference Paragraphs 1 through 52 of this Complaint, as if fully alleged herein.

54.    Defendants knew that they had impermissibly infringed upon Plaintiffs' copyright.

55. On information and belief, Defendants have taken active steps to prevent the Plaintiffs from bringing this action sooner by failing to provide notice to and/or concealing from Plaintiffs of the Defendants' infringements.

56. Plaintiffs reasonably and actually relied on Defendants improper conduct by not taking action previously because of their lack of notice and/or knowledge.

57. Plaintiffs were ignorant of the fact that Defendants continued to exploit the composition and/or parts thereof and the creation of new records.

58. As a result of the foregoing, Defendants should be equitably estopped from arguing that Plaintiffs have waived any of their rights to pursue a copyright infringement claim.

WHEREFORE, Plaintiffs request Defendants be equitably estopped from asserting any defense relating to Plaintiffs' waiving any of their rights to pursue a copyright infringement claim.

## JURY DEMAND

Plaintiffs demand a trial by jury of all matters so triable.

                                             Respectfully submitted,
                                             Plaintiffs, Rita Scarlet, Charlotte Sims, and Jay B. Ross

                                    By:    */s/ Heather L. Blaise*
                                                   One of their attorneys

Blaise & Nitschke, P.C.
123 N. Wacker Drive, Suite 250
Chicago, Illinois 60606
T: (312) 448-6602
F: (312) 803-1940
hblaise@blaisenitschkelaw.com
ARDC: 6298241

13